1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

No. C 13-mc-80207 WHA

IN THE MATTER OF WADE ANTHONY
ROBERTSON - #217899

_____/

**ORDER DENYING MOTION
TO VACATE; GRANTING IN
PART MOTION TO AMEND;
AND VACATING
DECEMBER 5 HEARING**

## INTRODUCTION

In this action regarding his interim suspension from bar membership under a reciprocal
disciplinary rule, an attorney moves to vacate or otherwise amend the order on suspension. For
the reasons stated, the motion to vacate is **DENIED**. To the extent stated, the motion to amend is
**GRANTED IN PART**. The hearing previously set for December 5 is **VACATED**.

## STATEMENT

On September 25, an order to show cause was filed as to the matter of Attorney Wade
Anthony Robertson. The order stated that Attorney Robertson's status as a member of the State
Bar of California had been modified, such that he was "[e]nrolled as an inactive member
pursuant to Section 6007 of the Business and Professions Code" and he could "not practice law
while so enrolled effective September 7, 2013." Pursuant to Local Rule 11-7(b)(1), a reciprocal
disciplinary rule, the order then suspended Attorney Robertson's membership in the bar of the
Northern District of California on an interim basis. The order also stated that Attorney
Robertson could file a timely and adequate response under Local Rule 11-7(b)(2), and that
failure to do so would lead to suspension from membership without further notice (Dkt. No. 1).

The deadline for this response — November 4 — was suspended pending the determination of Attorney Robertson's present motions.

Specifically, Attorney Robertson moves to vacate the September 25 order, or in the alternative, to amend that order in light of Rule 11-7(b)(2)'s requirements. This order now considers both requests in turn.

**ANALYSIS**

**1.    MOTION TO VACATE.**

Attorney Robertson argues that the September 25 order should be vacated because Local Rule 11-7 does not apply to him and the September 25 order thus suspended him in error under Local Rule 11-7(b)(1). For support, Attorney Robertson asserts that he has not been "(i) convicted of any felony; or (ii) suspended by any court; or (iii) disbarred by any court; or (iv) placed on disciplinary probation by any court; or (v) resigned while attorney disciplinary allegations are pending against him" (Br. 11).

While it is true that Local Rule 11-7 applies to limited instances, some of which are listed above, Attorney Robertson misconstrues the rule's application to suspensions. Contrary to his suggestion, neither Local Rule 11-7(a) nor (b) limits the rule's application to suspensions *by courts* (emphasis added):

> (a) Any attorney admitted to practice in this Court or any attorney appearing pro hac vice who is convicted of a felony, *suspended*, disbarred or placed on disciplinary probation by any court, or who resigns from the bar of any court with an investigation into allegations of unprofessional conduct pending, must give notice to the Clerk and the Clerk of the Bankruptcy Court in writing within 14 days of such event.
>
> (b) . . . .
>
> (1) Whenever a member of the bar of this Court or any attorney appearing pro hac vice who is convicted of a felony, disbarred, *suspended for reasons other than those noted in Civil L.R. 11-1(g)* or who resigns from the bar of any court with an investigation into allegations of unprofessional conduct pending, the Chief District Judge will enter an order suspending that member on an interim basis from practice before this Court and affording the member an opportunity to show cause, within 28 days, why a suspension or disbarment order should not be entered. If the attorney files a response stating that imposition of an order of suspension or disbarment from this Court is not contested, or if the attorney does

United States District Court
For the Northern District of California

not respond to the Order to Show Cause within the time specified,
then the Court shall enter an order of suspension or disbarment.

Indeed, Local Rule 11-7 applies to Attorney Robertson in light of its own terms.  This is because of the undisputed fact that Attorney Robertson was enrolled as an "inactive member" of the State Bar of California, pursuant to Section 6007 (Robertson Decl. ¶ 3).  "[T]he practical effect of an order of involuntary inactive enrollment," as permitted under Section 6007, "is to suspend the attorney from the practice of law in the State of California on an interim basis." *Gadda v. Ashcroft*, C-01-3885 PJH, 2001 WL 1602693 (N.D. Cal. Dec. 7, 2001) (Judge Phyllis J. Hamilton).  Accordingly, this order finds that Attorney Robertson was "suspended" within the meaning of Local Rule 11-7, such that Local Rule 11-7(b)(1) applied and the September 25 order correctly suspended him on an interim basis.

The motion to vacate the September 25 order is therefore **DENIED**.

**2.       MOTION TO AMEND.**

Attorney Robertson nevertheless requests that the September 25 order be amended.  In particular, Attorney Robertson asserts that he cannot show cause — as noted in the September 25 order — because he cannot comply with Local Rule 11-7(b)(2)'s requirement to "lodge with the Court a certified copy of the entire record from the other jurisdiction . . . ."  This is because Attorney Robertson's disciplinary proceedings in the State Bar of California are still ongoing and therefore the record as to those proceedings is incomplete.  To support this, Attorney Robertson declares that there are matters pending before the original first-line administrative hearing officer in charge of those proceedings, and that a *de novo* review process has yet to take place (Robertson Decl. ¶ 9).  He also adds that the Supreme Court of California has not issued an order as to his potential discipline (*id.* ¶ 8).

For this reason, Attorney Robertson need not lodge a complete copy of the record.  The motion to amend the September 25 order is thus **GRANTED IN PART**, as follows.

### CONCLUSION

The motion to vacate the September 25 order is **DENIED**.  The motion to amend that order is **GRANTED IN PART** and only to the following extent.  Attorney Robertson need not lodge a complete copy of the record as required under Rule 11-7(b)(2).  Attorney Robertson, however,

United States District Court
For the Northern District of California

3

shall file a progress report as to the status of his disciplinary proceedings from his other

jurisdiction, by whichever deadline comes first:  (1) within **10 DAYS** after the Supreme Court of

California issues an order as to his potential discipline, or (2) by **5 PM ON APRIL 14, 2014**.  Once

Attorney Robertson has timely filed said progress report, the undersigned judge may then

consider when Attorney Robertson should file a response under Local Rule 11-7(b)(2) to the

September 25 order, if appropriate.  Failure to timely file said progress report will be construed

as a withdrawal of Attorney Robertson's objections to his temporary suspension under the

September 25 order.

In the meantime, Attorney Robertson will remain suspended from practice in this district

court on an interim basis until further notice.  The hearing previously set for December 5 is

accordingly **VACATED**.


**IT IS SO ORDERED.**


Dated:  November 14, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California

4